UNITED STATES of America,
Plaintiff-Appellee,

v.

ONE 1969 PLYMOUTH FURY
AUTOMOBILE, SERIAL NO.
PM43G9D199088, Defendant,

Ford Motor Credit Company,
Intervenor-Appellant.

No. 72–2844.

United States Court of Appeals,
Fifth Circuit.

March 20, 1975.

Michael Lowenberg, Molly W. Bartholow, Dallas, Tex., for intervenor-appellant.

Frank D. McCown, U. S. Atty., Roger J. Allen, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before WISDOM, GEWIN and COLEMAN, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is denied and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is also denied. *See* Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

GOLDBERG, Circuit Judge, took no part in the decision on the petition for rehearing en banc.

WISDOM, Circuit Judge, with whom BROWN, Chief Judge, and AINSWORTH, DYER, CLARK and GEE, Circuit Judges, join, dissenting.

I respectfully dissent both on the merits and on the Court's failure to grant a rehearing en banc.

In this case the record owner of the automobile was charged and convicted of using it to transport counterfeit federal reserve notes. 49 U.S.C. §§ 781, 782. The owner had made a down payment of only $100. Ford Motor Credit Company's (F.M.C.C.'s) security interest far exceeded this amount.

FMCC's position is that the United States Supreme Court in United States v. United States Coin and Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971), has put a judicial gloss on the federal forfeiture statutes so that when they are interpreted with 19 U.S.C. § 1618

" . . . [I]t is manifest that they [the forfeiture statutes] are intended to impose a penalty only upon those who are significantly involved in a criminal enterprise". *Coin* at 721–22, 91 S.Ct. at 1045.

The Supreme Court has recently reiterated its holding in *Coin* in Calero-Toledo v. Pearson Yacht Leasing Company, 1974, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452.

In *Pearson,* a yacht was forfeited under the Puerto Rico forfeiture statutes. The owner of the yacht challenged the statutes as unconstitutional, relying on *Coin.* The Supreme Court held that the Puerto Rico forfeiture statutes were constitutional; however, it drew a distinction between the Puerto Rican statutes and the federal statutes. The Supreme Court reiterated its holding in *Coin* that the federal forfeiture statutes must be read with the federal remission statute, 19 U.S.C. § 1618, which requires forfeiture only from persons "significantly involved in criminal enterprise", and pointed out that no similar remission statute exists in the Puerto Rican forfeiture statutes to protect innocent owners. Consequently, the harsh pre-*Coin* cases denying

innocent owners relief from various forfeiture statutes were held to be applicable to Puerto Rico's remissionless forfeiture statutes.

The Court in *Pearson* stated:

"This is not to say, however, that the 'broad sweep' of forfeiture statutes remarked in *Coin & Currency* could not, in other circumstances, give rise to serious constitutional questions. Chief Justice Marshal intimated as much over a century and a half ago in observing that 'a forfeiture can only be applied to those cases in which the means that are prescribed for the prevention of the forfeiture may be employed.' (citation deleted). It therefore has been implied that it would be difficult to reject the constitutional claim of an owner whose property subjected to forfeiture had been taken from him without his privity or consent. (citations deleted). Similarly, the same might be said of an owner who proved not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property; for, in that circumstance, it would be difficult to conclude that the forfeiture served legitimate purposes and was not unduly oppressive." (citations deleted). *Pearson,* supra, 416 U.S. at 688, 94 S.Ct. at 2094.

I read *Coin* as holding that in all forfeitures there is a *statutory* requirement that the party sustaining the penalty be guilty of some form of fault, intentional or negligent. The appellant pitches its argument entirely on constitutional grounds. Here the Government conceded that the Company was not at fault. What is involved is the question of the Government's statutory or constitutional power to impose a penalty on an innocent party. It offends me that an innocent person who is the constructive owner and indeed is the owner of almost all of the equitable interest in the car, has his property forfeited for the acts of another person.

The theory underlying the forfeiture is stated in the Government's brief, as follows:

"That claimants of vehicles seized under the provisions of 47 [49] U.S.C. §§ 781 and 782, are not entitled to relief from forfeiture by reason of their good faith or innocence is well established. The claimant, in order to prevent or preclude the forfeiture of the vehicle, must establish the vehicle's innocence, and the good faith or innocence of the claimant of said vehicle, in respect to the offense with which the vehicle is concerned, is immaterial. The vehicle is condemned as the offender and becomes subject to seizure upon its use in violation of the express provisions of the statute."

This rationale is barbaric, a vestigial relic of deodand. It is anomalous to treat an innocent lien-holder as harshly as the criminal owner of the automobile. *Coin* and *Pearson* throw new light on the subject of forfeitures and allow inferior courts to reexamine the subject without doing violence to the long line of pre-*Coin* cases upholding the Government's position.

I would reverse.